UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,　　　　　） | |
| 　　　　　　　　　　　　　　　　　） | |
| 　　　　　　　and　　　　　　　　） | |
| 　　　　　　　　　　　　　　　　　） | |
| STATE OF OHIO,　　　　　　　　　） | |
| 　　　　　　　　　　　　　　　　　） | COMPLAINT FOR NATURAL |
| 　　　　　　　Plaintiffs,　　　　） | RESOURCE DAMGES |
| 　　　　　　　　　　　　　　　　　） | |
| 　　　　　v.　　　　　　　　　　） | |
| 　　　　　　　　　　　　　　　　　） | |
| THE CITY OF TOLEDO, OHIO　　　） | CIVIL ACTION NO. |
| 　　　　　　　　　　　　　　　　　） | |
| 　　　　　　　Defendant.　　　　） | |
| 　　　　　　　　　　　　　　　　　） | |

,

## COMPLAINT

Plaintiffs, the United States of America, by the authority of the Attorney General of the United States, and at the request of the Secretary of the U.S. Department of the Interior acting through the U.S. Fish and Wildlife Service and the State of Ohio, on relation of its Attorney General and at the request of the Director of the Ohio Environmental Protection Agency, allege as follows:

## NATURE OF ACTION

1.     This is a civil action, brought pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"),

42 U.S.C. § 9607, and Section 311 of the Federal Water Pollution Control Act, as amended,

33 U.S.C. § 1321, commonly known as the Clean Water Act ("CWA"), seeking damages for

injury to, destruction of, or loss of natural resources belonging to, managed by, held in trust by,

controlled by, or appertaining to the United States, resulting from releases of hazardous

substances from facilities owned and operated by Defendant into, or which have migrated into,

the Ottawa River and Sibley Creek in the City of Toledo, Lucas County, Ohio, including the

costs of assessing such injury, destruction, or loss.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action pursuant to 42

U.S.C. § 9613(b), 33 U.S.C. § 1321(n), and 28 U.S.C. §§ 1331 and 1345.

3.     Venue is proper in the Northern District of Ohio pursuant to 42 U.S.C. § 9613(b),

28 U.S.C. § 1391(b), and Local Rule 3.8(c) because the releases of hazardous substances, and

resulting injuries that are the subject of this action, occurred in this judicial district.

## PLAINTIFFS

4.     Plaintiff the United States of America brings this Action on behalf of the

Secretary of the U.S. Department of the Interior ("DOI") who, pursuant to Executive Order

12580 and the National Contingency Plan ("NCP"), 40 C.F.R. Part 300, and acting through the

U.S. Fish and Wildlife Service ("FWS"), has been delegated authority to act as the federal trustee

for certain natural resources, including those impacted by the releases of hazardous substances

into or within the Ottawa River and Sibley Creek.

5.     Plaintiff the State of Ohio, on behalf of the Director of the Ohio Environmental

Protection Agency ("Ohio EPA"), who is charged under Ohio law with the responsibility to

protect the air, lands, and waters located within the State's boundaries from pollution,

degradation and contamination, has been designated by the Governor of Ohio as the state trustee for natural resources of the State of Ohio, including those impacted by the releases of hazardous substances into or within the Ottawa River and Sibley Creek.

## DEFENDANT AND THE SITE

6.      Defendant, the City of Toledo, Ohio is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21) and Section 311(a)(7) of the CWA, 33 U.S.C. § 1321(f)(7) .

7.      During the 1950's and the 1960's, Defendant owned and operated certain facilities, including the Stickney Avenue Landfill, the Tyler Street Dump, the Dura Avenue Landfill, and the North Cove Landfill (the "Facilities"), in or adjacent to the lower portion of the Ottawa River, from River Mile 8.8 to River Mile 0.0, at the mouth of the Ottawa River, and Sibley Creek.  Sibley Creek flows for about one mile into the Ottawa River.  This area of the Ottawa River and Sibley Creek, including all waters, sediments, shorelines, connected wetlands, and natural resources, is referred to herein as the "Ottawa River Assessment Area."  The Facilities are "facilities" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

8.      During the time that Defendant owned and operated the Facilities, a combination of municipal, commercial, and industrial waste containing hazardous substances, as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), and in Section 311(a)(14) of the CWA, 33 U.S.C. § 1321(a)(14), including, but not limited to, polychlorinated biphenyls ("PCBs"), polycyclic aromatic hydrocarbons ("PAHs"), chlorinated benzenes, hexachlorobenzene, dichlorodiphenyltrichloroethane ("DDT"), dichlorodiphenyl-dichloroethylene ("DDE"), dieldrin, endrin, heptachlor, chlordane, endosulfan, lead, silver, chromium, selenium, cadmium, and

mercury was disposed of at the Facilities or discharged or released into the Ottawa River or Sibley Creek.

9.    There have been releases of hazardous substances including those set forth in the preceding paragraph through seepage and runoff, into the Ottawa River Assessment Area at and/or from the Facilities which caused injury to, destruction of, or loss of natural resources, within the meaning of Section 101(16) of CERCLA, 42 U.S.C. § 9601(16), and damaged or destroyed natural resources within the meaning of Section 311(f)(4) of the CWA, 33 U.S.C. § 1321(f)(4).

10.    Sibley Creek is a tributary of the Ottawa River with perennial flow.

11.    The Ottawa River and Sibley Creek are navigable waters within the meaning of Section 502(7) of the CWA, 33 U.S.C. 1362(7).

12.    At relevant times, hazardous substances, including those set forth in Paragraph 8 above, have been detected in the sediments, water, and fish of the Ottawa River Assessment Area.

13.    From 1983 through 1993, the Ohio Department of Health ("ODH") issued fish consumption advisories based on the levels of PCBs in fish tissue covering the whole of the Ottawa River Assessment Area.  In 1991, the ODH issued a "Do Not Eat" fish advisory, which is the most stringent kind of fish advisory issued by ODH.  In addition, in 2003, Ohio EPA issued a "Do Not Eat" consumption advisory for snapping turtles for all waters of the Ottawa River due to PCB contamination found in fatty tissue and turtle eggs.  The "Do Not Eat" fish advisory has remained in place until 2017 for all species of fish from in the Ottawa River Assessment Area due to PCB contamination, and has subsequently been replaced by advisories covering specific

fish species and less stringent limitations. The "Do Not Eat" advisory remains in place for snapping turtles.

14.    Pursuant to 43 C.F.R. Part 11, the FWS together with Ohio EPA (collectively, the "Trustees") initiated an assessment of injuries to natural resources resulting from the releases of hazardous substances into or within the Ottawa River Assessment Area and concluded that natural resources had been injured, destroyed, or lost as a result of releases of hazardous substances at and/or from the Facilities into the Ottawa River Assessment Area.

15.    As a result of releases of hazardous substances to the Ottawa River Assessment Area at and/or from the Facilities, natural resources of the United States and the State of Ohio, including but not limited to fish, invertebrates, birds, surface water, and sediments, have been injured, destroyed, or lost, and the public has suffered the loss of natural resource services, including lost recreational fishing, reduced opportunities for recreation, and passive human use losses.

16.    Plaintiffs have incurred costs in connection with the assessment of the injuries, destruction, or losses of natural resources within the Ottawa River Assessment Area.

**FIRST CLAIM FOR RELIEF**

(Natural Resource Damages under CERCLA)

17.    Paragraphs 1 through 16 are incorporated by reference herein.

18.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part, as follows:

Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section

(1) the owner and operator of a vessel or a facility,

(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

. . . from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for

\* \* \*

(4)  . . .

\* \* \*

(C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release;

\* \* \*

19.  "Hazardous substances" within the meaning of Sections 101(14) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(14) and 9607(a), have been disposed of at the Facilities referenced in Paragraph 7, above, and have been released into the environment at or near to the Ottawa River Assessment Area, at and/or from each of those Facilities.

20.  The releases of hazardous substances at and/or from the Facilities referred to in Paragraph 19, above, resulted in injury to, destruction of, or loss of natural resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States and the State of Ohio within the meaning of Sections 101(16) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(16) and 9607(a).  As a result of the releases of hazardous substances referred to in the preceding paragraph, the United States and the State of Ohio have incurred reasonable costs in assessing such injuries, destruction, or losses.

21.  Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendant is liable for damages, including costs of restoration and lost natural resource services, for injuries, destruction, or loss of natural resources resulting from releases of hazardous substances into or within the Ottawa River Assessment Area, including injuries to floodplain soils, sediments,

6

surface and ground waters and biota such as fish, invertebrates, migratory birds, and their

supporting ecosystems, belonging to, managed by, held in trust by, appertaining to, or otherwise

controlled by the United States and the State of Ohio as well as for the reasonable costs of

assessing such injuries, destruction or loss.

## SECOND CLAIM FOR RELIEF

### (Natural Resource Damages under CWA)

22.    Paragraphs 1 through 16 are incorporated by reference herein.

23.    Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3), provides in pertinent part,

as follows:

> The discharge of oil or hazardous substances (i) into or upon the navigable waters of the
> United States, adjoining shorelines, or into or upon the waters of the contiguous zone . . .
> or which may affect natural resources belonging to, appertaining to, or under the
> exclusive management authority of the United States . . . in such quantities as may be
> harmful as determined by the President under paragraph (4) of this subsection, is
> prohibited . . . .

24.    Section 311(f)(2) of the CWA, 33 U.S.C. § 1321(f)(2), provides in pertinent part,

as follows:

> Except where an owner or operator of an onshore facility can prove that a discharge was
> caused solely by (A) an act of God, (B) an act of war, (C) negligence on the part of the
> United States Government, or (D) an act or omission of a third party without regard to
> whether an such act or omission was or was not negligent, or any combination of the
> foregoing clauses, such owner or operator of any such facility from which oil or a
> hazardous substance is discharged in violation of subsection (b)(3) of this section shall be
> liable to the United States Government for the actual costs incurred under subsection (c)
> of this section for the removal of such oil or substance by the United States Government .
> . . .

25.    Section 311(f)(4) of the CWA, 33 U.S.C. § 1321(f)(4), provides in pertinent part,

as follows:

> The costs of removal of oil or a hazardous substance for which the owner or operator of a
> vessel or onshore or offshore facility is liable under subsection (f) of this section shall
> include any costs or expenses incurred by the Federal Government or any State

7

government in the restoration or replacement of natural resources damaged or destroyed as a result of a discharge of oil or a hazardous substance in violation of subsection (b) of this section.

26.   Those Facilities referred in Paragraph 7 above, are "onshore facilities" within the meaning of Section 311(a)(11)  of the CWA, 33 U.S.C. § 1321(a)(11).

27.   There have been discharges of hazardous substances in harmful quantities into the Ottawa River Assessment Area within the meaning of Section 311 of the CWA, 33 U.S.C. § 1321, at and/or from the Facilities.

28.   Defendant owned or operated the Facilities when hazardous substances were discharged from the Facilities into navigable waters of the United States or adjoining shorelines.

29.   As a result of discharges of hazardous substances at and/or from the Facilities, the United States and the State of Ohio have incurred and will continue to incur costs related to the restoration or replacement of damaged or destroyed natural resources for which the United States and the State of Ohio are co-trustees.  Such resources include injuries to floodplain soils, sediments, surface and ground waters and biota such as fish, invertebrates, migratory birds, and their supporting ecosystems, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States and the State of Ohio, and other such "natural resources" as that term is used in Section 311 of CWA, 33 U.S.C. § 1321.

30.   Pursuant to Section 311(f) of the CWA, 33 U.S.C. § 1321(f), Defendant is liable to the United States and the State of Ohio for damages, including the costs incurred by the United States and the State of Ohio in the restoration or replacement of natural resources damaged or destroyed at the Ottawa River Assessment Area resulting from the discharge of hazardous substances from the on-shore facilities referred to in Paragraph 7, above, in violation of Section 311(b) of the CWA, 33 U.S.C. § 1321(b).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.     Enter a judgment in favor of Plaintiffs against the Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for the full amount of all damages for injury to, destruction of, or loss of natural resources in the Ottawa River Assessment Area, including all reasonable costs of assessing such injury, destruction, or loss, all costs of restoring, replacing, and/or acquiring the equivalent of those injured, destroyed, or lost natural resources and the value of lost natural resource services they provide, and all past, present, and future diminution in value of those resources pending restoration or replacement, resulting from releases of hazardous substances into, or which have migrated into, the Ottawa River Assessment Area;

2.     Enter a judgment in favor of Plaintiffs against the Defendant pursuant to Section 311(f) of the CWA, 33 U.S.C. § 1321(f), for the full amount of all natural resource damages, including the costs incurred or to be incurred by the Plaintiffs in the restoration or replacement of natural resources damaged or destroyed resulting from discharges of hazardous substances into, or which have migrated into, the Ottawa River Assessment Area, in violation of Section 311(b) of the CWA, 33 U.S.C. § 1321(b);

3.     Enter a judgment in favor of Plaintiffs against the Defendant for all costs of this action; and

4.      Award Plaintiffs such other and further relief as this Court may deem appropriate.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:


THOMAS A. MARIANI, JR.
Chief, Environmental Enforcement Section
Department of Justice



 /s Steven D. Ellis
STEVEN D. ELLIS
Senior Counsel
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044
(202) 514-3163
steven.ellis@usdoj.gov

JUSTIN E. HERDMAN
Acting United States Attorney
Northern District of Ohio


STEVEN J. PAFFILAS
Assistant United States Attorney
Northern District of Ohio
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1852
(216) 622-3600

FOR THE STATE OF OHIO

OFFICE OF THE OHIO
ATTORNEY GENERAL
DAVE YOST


/s Timothy J. Kern (with permission)
TIMOTHY J. KERN
Assistant Attorney General
Environmental Enforcement Section
30 East Broad Street, 25th Floor
Columbus, Ohio 43215